LUIS M. HENRIQUES *v.* WALTER J.
MAGNAVICE ET AL.
(AC 19822)

Lavery, C. J., and Spear and Pellegrino, Js.

Submitted on briefs March 22—officially released August 15, 2000

*Paul T. Nowosadko* and *Lorinda S. Coon* filed a brief for the appellant (defendant state of Connecticut).

*Carlos M. Santos* filed a brief for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant state of Connecticut (state) appeals from the judgment rendered in favor of the plaintiff in a claim for personal injury arising from a motor vehicle collision. The state claims that the trial court improperly refused to submit its apportionment complaint to the jury. We agree with the state and reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In September, 1996,

the plaintiff suffered personal injuries in an automobile accident caused when a motor vehicle owned by the state and driven by Walter J. Magnavice[1] made an abrupt lane change, causing the plaintiff to lose control of his vehicle and to strike a concrete barrier.

The state offered evidence that the abrupt lane change was necessitated by the actions of the plaintiff's fiancee, Anabela T. Reis, who was driving a third vehicle, a Volkswagen, in close proximity to the plaintiff's and the state's vehicles. Just prior to the accident, Magnavice noticed Reis' vehicle behind him, closing in at a high rate of speed. To avoid what he perceived to be a potential collision with Reis' vehicle, Magnavice moved his vehicle into the adjacent lane. The state claims that that maneuver caused the plaintiff to lose control of his vehicle and to strike the concrete barrier.

The state filed an apportionment complaint against Reis pursuant to General Statutes § 52-102b (a), claiming that any damages suffered by the plaintiff were caused, in whole or in part, by Reis' negligence in failing to keep her vehicle under control and in traveling too fast. After the conclusion of the evidence, the trial court refused to submit the apportionment complaint to the jury, concluding that there was insufficient evidence that it was Reis' vehicle that was following the state's vehicle at a high rate of speed.

The sole claim on appeal is that the trial court improperly failed to submit the state's apportionment claim to the jury.[2] We agree with the state.

---

[1] Magnavice was named as a defendant in the original complaint, but the plaintiff's claims against him were subsequently withdrawn.

[2] The state claims also that the trial court, by disposing of the apportionment claim in this manner, effectively issued a directed verdict in favor of the plaintiff. In light of our holding, we need not address whether a trial court's failure to submit an apportionment claim to a jury, under circumstances similar to those here, amounts to a directed verdict. We do want to point out, however, that "a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that

It is well established that "[a] request to charge which is relevant to the issues of the case and which is an accurate statement of the law must be given."[3] (Internal quotation marks omitted.) *State* v. *Lepri*, 56 Conn. App. 403, 412, 743 A.2d 626, cert. denied, 253 Conn. 902, 753 A.2d 938 (2000). "[A] trial court should instruct a jury on [every] issue for which there is any foundation in the evidence, even if weak or incredible." (Internal quotation marks omitted.) *Eisenbach* v. *Downey*, 45 Conn. App. 165, 182, 694 A.2d 1376, cert. denied, 241 Conn. 926, 696 A.2d 1264 (1997). "The trial court has a duty not to submit any issue to the jury upon which the evidence would not support a finding." (Internal quotation marks omitted.) *Seymour* v. *Carcia*, 24 Conn. App. 446, 454, 589 A.2d 7 (1991), aff'd, 221 Conn. 473, 604 A.2d 1304 (1992). Accordingly, the right to a jury instruction is limited to those theories for which there is any foundation in the evidence. *State* v. *Adams*, 225 Conn. 270, 283, 623 A.2d 42 (1993). In determining whether any such foundation exists, "[w]e must consider the evidence presented at trial in the light most favorable to supporting the [party's] request to charge." Id. Additionally, "[w]hen . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Powers* v. *Olson*, 252 Conn. 98, 105, 742 A.2d 799 (2000).

embodied in the verdict as directed"; *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 380, 260 A.2d 596 (1969); and that "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) *Fogarty* v. *Rashaw*, 193 Conn. 442, 446, 476 A.2d 582 (1984). Furthermore, "[c]onclusions of proximate cause are to be drawn by the jury and not by the court." (Internal quotation marks omitted.) *Doe* v. *Manheimer*, 212 Conn. 748, 757, 563 A.2d 699 (1989), overruled in part on other grounds, *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 608, 662 A.2d 753 (1995).

[3] In this case, the state requested jury instructions on the apportionment complaint, which the trial court refused.

Prior to the Connecticut tort reform acts of 1986 and 1987, codified at General Statutes § 52-572h, Connecticut adhered to the common-law rule of joint and several liability. "[U]nder the common-law rule of joint and several liability, a defendant who was only slightly at fault could be held responsible for the entire amount of damages, as long as his negligence was a proximate cause of the plaintiff's injuries." (Internal quotation marks omitted.) *Babes* v. *Bennett*, 247 Conn. 256, 269, 721 A.2d 511 (1998). By enacting § 52-572h, "[t]he legislature sought to remedy the growing concerns regarding the cost and availability of liability insurance by abrogating the doctrine of joint and several liability for negligent tortfeasors and thus imposing limitations on a negligent defendant's obligation to pay damages." *Bhinder* v. *Sun Co.*, 246 Conn. 223, 232, 717 A.2d 202 (1998). Section 52-572h (c) provides in relevant part that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages . . . ." General Statutes § 52-102b (a) is the procedural vehicle by which a defendant in a negligence action may bring in a party for apportionment of liability purposes.[4]

---

[4] General Statutes § 52-102b provides in relevant part: "(a) A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . . The person upon whom the apportionment complaint is served, hereinafter called the apportionment defendant, shall be a party for all purposes, including all purposes under section 52-572h.

"(b) The apportionment complaint shall be equivalent in all respects to an original writ, summons and complaint . . . . The apportionment defendant shall have available to him all remedies available to an original defendant . . . .

\* \* \*

"(f) This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action. . . ."

"Apportionment does not affect the determination of whether the defendant is liable under a theory of negligence but, rather, affects the determination of his degree of fault once a trier of fact has determined that his breach of a reasonable standard of care was a substantial factor in causing the plaintiff's injuries." *Bhinder* v. *Sun Co.*, supra, 246 Conn. 239. "Once it is determined that the defendant's conduct has been a cause of some damage suffered by the plaintiff, a further question may arise as to the portion of the total damages which may properly be assigned to the defendant, as distinguished from other causes." (Internal quotation marks omitted.) Id., 239–40.

The state filed an appropriate apportionment complaint against Reis in this case, claiming that she should share in any liability to the extent that her negligence proximately caused the plaintiff's injuries. After the presentation of the evidence, the trial court concluded that there was insufficient evidence that Reis had been involved in the accident and therefore refused to submit the state's apportionment claim to the jury. Accordingly, the issue before this court is whether, in viewing the evidence most favorable to the state's theory, there existed any foundation in the evidence to support the claim for apportionment. After a careful review of the record and briefs, we conclude that there was sufficient evidence to support an instruction on apportionment.

Magnavice testified that he was forced to make the abrupt lane change to get out of the way of a Volkswagen that was approaching him from behind at a high rate of speed, and that after he made the lane change, the next time he saw that vehicle was when it was parked behind his, after he pulled over to the shoulder of the roadway. He testified further that Reis was the driver of that vehicle.

Despite this testimony, the trial court concluded that "[t]here is *no proof at all* that Miss Reis was the [driver

of the] car at issue." (Emphasis added.) This determination was based, at least partially, on the fact that Magnavice described Reis' Volkswagen as being white in color, whereas Reis testified that her vehicle was maroon. It was up to the jury, however, as fact finder, to determine whether to believe Magnavice's testimony or Reis' testimony as to the color of her vehicle.

The trial court's conclusion, therefore, that there was insufficient evidence to submit the defendant's apportionment claim to the jury is contrary to the evidence and based, in part, on credibility determinations that are properly left to the jury. Because we conclude that there was sufficient evidence presented at trial to support the requested jury instruction, the trial court improperly failed to give the apportionment instruction to the jury.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

