[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs filed a two count complaint on January 18, 2001. In count one, Linda Maenza alleges a claim of negligence against Lynn Letis for negligently causing her car to collide with another motor vehicle. She also alleges that Ronald Letis is responsible for the negligent conduct based on his ownership of the motor vehicle and the status of Lynn Letis as the agent, servant or employee of Ronald Letis. In count two, John Maenza, alleges a claim against the defendants, Lynn Letis and Ronald Letis (defendants) for loss of consortium. CT Page 17085
On May 30, 2001, the defendants filed an apportionment complaint with a return date of February 13, 2001, against the apportionment defendants, William Fulmore (Fulmore) and Cover It, Inc. (Cover It). Count one, of the apportionment complaint alleges a claim of negligence against Fulmore for negligently causing the collision with the Letis vehicle. Count two, alleges a claim of liability against the apportionment defendant, Cover It, for the negligence of Fulmore pursuant to General Statutes §52-183. Service upon Fulmore and Cover It was made January 31, 2001, and process was returned to the clerk of the court on May 30, 2001.
On July 20, 2001, the plaintiffs, Linda Maenza and Ronald Maenza (plaintiffs) filed a claim against Fulmore and Cover It: In count one of the complaint the plaintiffs set forth a claim of negligence against Fulmore in causing the injuries allegedly suffered by Linda Maenza. The plaintiffs also allege a claim of liability against Cover It for Fulmore's negligence based on Cover It's ownership of the motor vehicle that Fulmore was driving the day of the accident. The second count of the plaintiffs' complaint alleges loss of consortium.
The defendants timely filed an answer to the plaintiffs' complaint alleging as a special defense the sixty day time limitation set fourth in General Statutes § 52-102b (d). The plaintiffs, in their reply to the special defense of Fulmore and Cover It, allege that they did not receive notification of the apportionment complaint against Fulmore and Cover It until July 3, 2001. The certification page of the notice sent to plaintiffs' counsel was not certified by the defendants' counsel until July 3, 2001.
On August 6, 2001, Fulmore and Cover It filed a motion for summary judgment, and memorandum of law in support, on their special defense on the ground that the plaintiffs' claim is time barred by General Statutes § 52-102b (d). The plaintiff timely filed a memorandum in opposition.
Fulmore and Cover It did not raise issue with the apportionment complaint but jurisdictional issues will be addressed in this decision because without subject matter jurisdiction this court cannot proceed further with the case. This matter came before the court on a motion for summary judgment. The court, however, has determined that its jurisdiction over the subject matter is in question and it will treat the motion for summary judgment as a motion to dismiss.
"Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33. CT Page 17086 "Jurisdiction over the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Brackets in original; internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Crystal, 251 Conn. 748, 763,741 A.2d 956 (1999). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781, 787, 712 A.2d 396 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must filly resolve it before proceeding further with the case." (Brackets in original; internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). "The trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question. . . ." Glastonbury Volunteer AmbulanceAssn., Inc. v. Freedom of Information Commission, 227 Conn. 848, 851,633 A.2d 305 (1993).
The return date on the apportionment complaint was February 13, 2001, and the plaintiffs complaint against Fulmore and Cover It was not served on them until July 12, 2001, more than 151 days after the return date. In their motion for summary judgment Fulmore and Cover It argue that the plaintiffs' claim against them is time barred, because the plaintiff did not serve their complaint against them within sixty days of the return date of the apportionment complaint pursuant to General Statutes §52-102b (d).
The plaintiffs argue that their cause of action is not time barred because the defendants did not provide proper notice to the plaintiffs pursuant to General Statutes § 52-102b (a). The plaintiffs argue that because the apportionment plaintiffs did not send a copy of the apportionment complaint to the plaintiffs until July 3, 2001, the statute of limitations contained within General Statutes § 52-102b (d) is tolled until they received notice of the apportionment complaint.
The court, however, has determined that its subject matter jurisdiction over the apportionment claim is in question. The court has also determined that if the court lacks subject matter jurisdiction over the apportionment claim then both the apportionment complaint and plaintiffs' complaint must be dismissed.
The dispositive issue is whether the defendants' failure to comply with the statutory mandates of General Statutes § 52-102b (a) deprives the court of subject matter jurisdiction over the apportionment action. This CT Page 17087 court is without subject matter jurisdiction over the apportionment complaint because the apportionment plaintiffs failed to notify all parties to the action pursuant to General Statutes 52-102b (a). General Statutes § 52-102b creates a right that did not exist a at common law. Nemechek v. Ashford, Superior Court, judicial district of Tolland, Docket No. 070811 (May 11, 2000, Bishop, J.); see also Henriques v.Magnavice, 59 Conn. App. 333, 337, 757 A.2d 627 (2000) ("General Statutes § 52-102b (a) is the procedural vehicle by which a defendant in a negligence action may bring in a party for apportionment of liability purposes"). "[S]tatutes that are in derogation of the common law must be strictly construed;" Squelia v. Squelia, 234 Conn. 259, 264 n. 4,661 A.2d 1007 (1995); and when a statute creates a right that did not exist at common law strict compliance with its terms are required to grant the court subject matter jurisdiction. Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 766-67, 628 A.2d 1303 (1993) (failure to comply with the time limit General Statutes § 52-278, which creates a right that did not exist at common law, deprives the court of subject matter jurisdiction); Federal Deposit Ins. Corp. v. HillcrestAssoc., 233 Conn. 153, 171, 659 A.2d 138 (1995) ("a specific time limitation . . . contained within a statute that creates a right of action that did not exist at common law . . . the time limitation is a substantive and jurisdictional prerequisite . . .");[1] New LondonCounty Mutual v. Brooklyn, Superior Court, judicial district of Windham, Docket No. 058429 (October 1, 1998, Sferrazza, J.) ("where the statute creating this right of action contains a specific time or notice limitation that requirement is a jurisdictional prerequisite").
The next issue before this court is whether the notice requirement of General Statutes § 52-102b (a) is directory or mandatory. General Statutes § 52-102b sets forth the exclusive procedure for a defendant to bring an apportionment complaint against a party who may be liable for all or a portion of the plaintiffs' damages.[2] General Statutes §52-102b (f); see also Allard v. Liberty Oil Equipment Co., 253 Conn. 787,791, 756 A.2d 237 (2000) (section 52-102b is the exclusive means for citing in a defendant for apportionment of liability purposes pursuant to General Statutes § 52-572h). A defendant must serve an apportionment complaint within 120 days of the return date of the complaint in the original action and "serve a copy of the apportionment complaint on all parties to the original action in accordance with the rules of the Superior Court on or before the return date specified in theapportionment complaint." (Emphasis added.) General Statute § 52-102b
(a).
The apportionment complaint had a return date of February 13, 2001, and the defendants did not certify a copy of the apportionment complaint to the plaintiffs until July 3, 2001, well after the return date on the CT Page 17088 apportionment complaint. General Statutes § 52-102b (a) mandates that notice be sent to all parties to the original action "on or before the return date specified in the apportionment complaint." The defendants did not comply with General Statutes § 52-102b (a) because notice was not sent to plaintiffs' counsel until July 3, 2001, 139 days after the return date of apportionment complaint.
Research did not reveal any appellate authority on this issue. The majority of trial courts interpreting General Statutes § 52-102b have held the requirements of General Statutes § 52-102b are mandatory, and failure to comply with those requirements deprives the court of subject matter jurisdiction and requires dismissal. Bednaz v. Svindland, Superior Court, judicial district of New Haven at New Haven, Docket No. 4259358 (June 12, 2000, Alander, J.) (27 Conn.L.Rptr. 438, 440 n. 3) ("[t]he overwhelming majority of trial court decisions hold that the one hundred twenty day time limitation in [General Statutes] § 52-102b
(a) is mandatory rather than directory"); Fortier v. Casey, Superior Court, judicial district of New Britain at New Britain, Docket No. 484192 (September 30, 1999, Wollenberg, J.) (25 Conn.L.Rptr. 307) (the majority of trial courts hold that the time limitations of General Statutes § 52-102b are mandatory); Everett v. Widlitz, Superior Court, judicial district of Norwich/New London at New London, Docket No. 537562 (May 1, 1997, Booth, J.) (19 Conn.L.Rptr. 416) (dismissing apportionment complaint for failing to satisfy statutory requirements); but see Ketchale v. Unger, Superior Court, judicial district of New Haven at New Haven, Docker No. 396218 (July 14, 1998, Levin, J.) (22 Conn.L.Rptr. 418, 420) (time limitations of General Statutes §52-102b are not mandatory and do not implicate a court's jurisdiction).
The trial court in, McKnight v. Schickendanz, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161656 (November 30, 1998, D'Andrea, J.) (23 Conn.L.Rptr. 204), dismissed an apportionment complaint because the defendant apportionment plaintiffs failed to timely notify all parties pursuant to General Statutes §52-102b (a).[3] In McKnight the plaintiffs alleged injuries resulting from the defendants' negligent operation of a motor vehicle. The defendants alleged the accident was the result of the negligent operation of a motor vehicle by an unidentified driver. The defendants timely filed an apportionment complaint against the plaintiffs' uninsured motorist insurance carrier alleging that the insurer was liable, as surrogate for the phantom driver, for a proportionate share of liability pursuant to General Statutes § 52-572h. The apportionment defendant in that case filed a motion to strike the apportionment complaint. The plaintiff inMcKnight subsequently filed a motion to dismiss for lack of subject matter jurisdiction for the defendant apportionment plaintiffs' failure to timely notify the plaintiffs of the filing of the apportionment CT Page 17089 complaint.
The McKnight court held that the defendant apportionment plaintiffs' failure to timely notify the plaintiff of the complaint pursuant to General Statutes § 52-102b (a) deprived that court of subject matter jurisdiction. The court reasoned that "[t]he clear language of the statute indicates that the legislature intended that the apportionment complaint be served on all parties, specifically, the plaintiffs." Id., 205. The McKnight court then held that it lacked subject matter jurisdiction because "the defendant/apportionment plaintiffs failed to comply with General Statute § 52-102b. . . ." Id., 206.
This court finds the reasoning of the courts that have held that the requirements of General Statutes § 52-102b are mandatory and not directory more persuasive. The plain language of § 52-102b (t) states that § 52-102b is the "exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." Because the defendants in the present case did not notify the plaintiff on or before the apportionment complaint's February 13, 2001, return date as mandated by General Statutes § 52-102b (a) this court does not have subject matter jurisdiction over this apportionment action.
This court holds that the defendants' failure to comply with General Statutes § 52-102b (a) deprives this court of subject matter jurisdiction. Therefore, the apportionment plaintiffs' apportionment complaint is dismissed.
The next issue before the court is whether this court is also deprived of subject matter jurisdiction over the plaintiffs' claim, against Fulmore and Cover It. The plaintiffs were permitted to file a claim against Fulmore and Cover It pursuant to General Statutes § 52-102b
(d). The issue now before the court is whether dismissal of the apportionment complaint, deprives the court of subject matter jurisdiction over the plaintiffs' claim against Fulmore and Cover It, when the plaintiffs had been permitted to commence their action against Fulmore and Cover It pursuant only to the rights granted to them by General Statutes § 52-102b (d).
Research did not reveal any appellate authority on point, and the few trial courts that have addressed this issue are split. One trial court has held that the time limitation contained in General Statute §52-102b is directory and not mandatory and does not deprive the court of jurisdiction. Sibilia v. Savin Harbor Condominium Association, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 445433 (October 18, 2001, Blue, J.) (30 Conn.L.Rptr. 544, 545) (trial CT Page 17090 court's granting of a motion to strike the apportionment complaint for legal insufficiency does not deprive the court of subject matter jurisdiction of the plaintiff's direct claim against the apportionment defendant). Two trial courts, however, have held that dismissal of the apportionment complaint deprives the court of jurisdiction of the direct claim against the apportionment defendant. Nemecek v. Ashford, supra, Superior Court, Docket No. 070811 ("[j]urisdiction of the [direct claim] is . . . derivative of the apportionment claim filed in this case");McManus v. Stop Shop Co., Superior Court, judicial district Danbury, Docket No. 323334 (January 5, 1999, Radcliffe, J.) (plaintiff's direct claim against apportionment defendant dismissed after court dismisses apportionment complaint because applicable statute of limitations had expired).
This court agrees with the line of cases holding that failure to comply with the requirements General Statutes § 52-102b deprives the court of of subject matter jurisdiction over a plaintiff's direct claim against an apportionment defendant. The plaintiffs had to file their complaint pursuant to the rights granted to them by General Statutes § 52-102b
(d). Since defendants failed to properly notify the plaintiffs pursuant to the mandates of General Statutes § 52-102b (a) this court is deprived of subject matter jurisdiction over the apportionment claim. Therefore, the plaintiffs cannot assert a direct claim against the apportionment defendants pursuant to General Statutes § 52-102b (d).McManus v. Stop Shop Co., supra, Superior Court, Docket No. 323334 (plaintiff's direct claim against apportionment defendant dismissed because apportionment plaintiff did not comply with 120 day time limit of General Statutes § 52-102b (a)).
The apportionment plaintiffs' apportionment complaint is dismissed because the defendants failed to comply with the mandates of General Statutes § 52-102b (a). The apportionment plaintiffs'/defendants' failure to comply with the statute deprives this court of subject matter jurisdiction. The plaintiffs' direct complaint against the Fulmore and Cover It is also dismissed because the court never had jurisdiction over the apportionment claim, and therefore, the court also lacks subject matter jurisdiction over the plaintiffs' direct claim against Fulmore and Cover It.
Howard F. Zoarski, Judge Trial Referee