[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT #118
 FACTS 
On October 20, 1999, the plaintiff filed a complaint in the present action. In count one of the complaint, the plaintiff alleges the following facts. On March 27, 1998, the plaintiff was driving in a westerly direction on Route One in Madison, Connecticut. The defendant, Elizabeth Rivera was operating a vehicle directly behind the plaintiff. The plaintiff was proceeding behind a presently unidentified, "non-contact" vehicle, the operator of which remains unknown. The unidentified driver braked abruptly causing Rivera to negligently and carelessly strike the rear of the car driven by the plaintiff, causing the plaintiff injury and damages.
In count two, the plaintiff repeats the allegations of count one and further alleges that the unidentified motorist was negligent, and that the defendant Allstate Insurance Company (Allstate) was the plaintiff's uninsured motorist carrier at the time of the accident.
On February 28, 2000 Allstate filed a cross claim[1] for apportionment against its codefendant Rivera. On March 24, 2000, Rivera moved to strike the apportionment cross claim pursuant to Practice Book § 10-39 for failure to state a cause of action upon which relief may be granted. Specifically, Rivera moves to strike the cross claim on the grounds that an apportionment claim may not be made against one who is already a party to a case and that an uninsured motorist carrier may not file a claim for apportionment. Rivera's motion is accompanied by a memorandum of law. On October 24, 2001, Allstate filed a memorandum of CT Page 1554 law in opposition to the Rivera's motion to strike.
 DISCUSSION
Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." (Internal quotation marks omitted.)Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 366 n. 5,672 A.2d 939 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, well pleaded facts . . . are taken as admitted." (Internal quotation marks omitted.) Id. "Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
In her memorandum of law, Rivera first argues that an apportionment complaint may not be brought against her because she is already a party to this action. In opposition, Allstate argues that the apportionment complaint is necessary to preserve its right to apportionment.
Apportionment of liability in negligence actions is governed by General Statutes § 52-572h (c), which provides in relevant part: "In a negligence action to recover damages resulting from personal injury . . . each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages. . . ." Connecticut General Statutes § 52-572h (c). Section 52-102b (a) provides: "A defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." Connecticut General Statutes § 52-102b. Therefore, "General Statutes § 52-102b (a) is the procedural vehicle by which a defendant in a negligence action may bring in a party for apportionment of liability purposes." (Emphasis added.) Henriques v. Magnavice, 59 Conn. App. 333,757 A.2d 627 (2000).
In the present case, Allstate seeks apportionment of liability between CT Page 1555 itself and Rivera, who is already a defendant in the action. Section52-102b (a) is inapplicable because by its own terms it applies to the service of "a writ, summons and complaint upon a person not a party tothe action. . ." (Emphasis added.) General Statutes § 52-102b (a); see also Collins v. Colonial Penn Ins. Co., 257 Conn. 718, 739-40 n. 21,778 A.2d 899 (2001) ("Because Colonial Penn was in the case as an original codefendant, the obstacle of § 52-102b is not present.");Brown v. Willow Woods, Superior Court, judicial district of New Haven at New Haven, Docket No. 404542 (June 24, 1998, Hartmere, J.) (22 Conn. L. Rptr. 386) (apportionment complaint filed against plaintiff improper). Allstate's cross claim for apportionment against a co-defendant in the underlying cause of action is procedurally improper under § 52-102b. Because § 52-572h (c) provides for apportionment of liability between parties to a negligence action, and does not require the filing of an apportionment complaint to preserve this right, Allstate's apportionment complaint is unnecessary.
In her next argument, Rivera argues that Allstate's apportionment complaint is improper because the action between the plaintiff and Allstate is an action in contract, not an action in tort. In opposition, Allstate argues that an uninsured motorist claim does not sound in contract alone. Rather, Allstate argues that an uninsured motorist claim sounds in both contract and tort, and is therefore subject to apportionment.
In support of its position, Allstate relies on the Supreme Court's recent decision in Collins v. Colonial Penn Ins. Co., supra, 257 Conn. 718. In Collins, the Connecticut Supreme Court held that an action seeking uninsured motorist benefits is "not purely contractual in nature. . . ." Id., 733. The court observed that "because of the hybrid nature of uninsured motorist coverage, the uninsured carrier operates in part as a for the financially irresponsible tortfeasor." (Internal quotation marks omitted.) Id., 732. The court therefore concluded that an insured seeking damages under an uninsured motorist policy "is legally entitled to recover as damages under [the uninsured motorist regulations], her damages after they properly are apportioned pursuant to the dictates of § 52-572h." (Internal quotation marks omitted.) Id., 742. This court therefore, agrees that Allstate is entitled to apportionment of its liability pursuant to § 52-572h. Nevertheless, as the authorities above indicate, an apportionment complaint pursuant to § 52-102b is not necessary.
 CONCLUSION
Allstate's right to apportionment of liability is established by General Statutes § 52-572h (c), and is supported by a recent Supreme CT Page 1556 Court decision. Nevertheless, Allstate's apportionment complaint against Rivera is procedurally improper and unnecessary because Rivera is a party to the action. For the foregoing reasons, the court grants Rivera's motion to strike.
D. Michael Hurley, Judge Trial Referee