[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
On February 6, 2001, the plaintiff. Gregory Harvey, filed a complaint against the defendants, Owen Tarr and Cargill Bank. Harvey alleges that he sustained injuries and damages as a result of tripping on a fuel line cap located in the middle of a sidewalk at 17 Brookwood Lane Apartments. The apartment complex is owned by Tarr. Harvey alleges that Tarr was negligent because Tarr did not remove the fuel line cap from the sidewalk nor did he warn others about the presence of the fuel line cap. In a separate action, Harvey also filed a complaint against Investing Management Associates, Inc. (IMA), alleging that IMA's negligence was the proximate cause of his injuries. See Harvey v. Investing ManagementAssociates, Inc., Superior Court, judicial district of Windham at Putnam, Docket No. 066413. In the present case, Tarr filed a motion to consolidate the two actions. On October 22, 2001, the court granted the motion to consolidate.
Tarr filed an apportionment complaint against IMA on August 28, 2001. The apportionment complaint alleges that IMA as the receiver of rents had control of 17 Brookwood Lane Apartments at the time of the alleged incident.[1] Tarr claims that IMA's negligence caused Harvey's injuries and seeks apportionment of the liability of IMA pursuant to General Statutes § 52-572h. Subsequent to filing his apportionment complaint, Tarr filed a motion for leave to request permission from the court to sue IMA. On October 5, 2001, IMA filed a motion to strike Tarr's apportionment complaint on the grounds that complaint is legally insufficient and fails to state a cause of action because IMA is already a party to the present action and Tarr did not request permission to sue IMA. IMA filed a memorandum of law in support of the motion to strike and Tarr filed a memorandum in opposition to the motion to strike.
Before ruling on the motion to strike, the court sua sponte raises the issue of whether it has subject matter jurisdiction over Tarr's CT Page 2554-l apportionment complaint. "It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." (Internal quotation marks omitted.) Williams v. Commission on HumanRights Opportunities, 257 Conn. 258, 264, n. 4, 777 A.2d 645 (2001). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) Id. "Once the matter of lack of subject matter jurisdiction comes to the attention of the trial court, even if it results from a suggestion of the court suo motu, the trial court can proceed no further until the issue is resolved." Ertel v. Carothers,34 Conn. App. 18, 21, 639 A.2d 1055 (1994).
Apportionment of liability among tortfeasors did not exist until the legislature enacted General Statutes §§ 52-572h and 52-102b. "Prior to 1986, Connecticut tort law adhered to the common-law rule of joint and several liability for the allocation of responsibility for damages resulting from an injury caused by more than one person . . . Under this doctrine, an injured person, was entitled to recover the entire amount of a damages award from any defendant whose conduct proximately caused the injury." (Citation omitted.) Nash v. Yap, 247 Conn. 638, 644-45,726 A.2d 92 (1999). "By enacting § 52-572h, [t]he legislature sought to remedy the growing concerns regarding the cost and availability of liability insurance by abrogating the doctrine of joint and several liability for negligent tortfeasors and thus imposing limitations on a negligent defendant's obligation to pay damages." (Internal quotation marks omitted.) Henriques v. Magnavice, 59 Conn. App. 333, 337,757 A.2d 627 (2000). General Statutes § 52-572h (c) provides in relevant part: "In a negligence action to recover damages resulting from personal injury . . . If the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages.
Section 52-102b is "the exclusive means by which a defendant may add a person who is or may be liable pursuant to Section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." (Internal quotation marks omitted.) Allard v. Liberty Oil Equipment Co.,253 Conn. 787, 792-93, 756 A.2d 237 (2000); see also General Statutes CT Page 2554-m § 52-102b (f). General Statutes § 52-102b (a) provides in relevant part: "A defendant in any civil action to which Section 52-572h applies may serve a writ, summons and complaint on a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return datespecified in the plaintiff's original complaint." (Emphasis added.) Tarr did not file his apportionment complaint within the 120-day time limit prescribed by § 52-102b. Therefore, the court must determine whether the failure to file an apportionment complaint within the 120-day time limit is procedural or substantive.
"A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action." (Internal quotation marks omitted.) Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 525, 562 A.2d 1100 (1989). "Where, however, a specific time limit is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not therester . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation. but rather is a limitation on the liability itself, and not of the remedy alone . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations omitted.) Ecker v. West Hartford, 205 Conn. 219, 232, 530 A.2d 1056
(1987).
There is no appellate authority on the issue of subject matter jurisdiction over an apportionment complaint filed beyond the 120-day time limit prescribed by § 52-102b (a). The majority of Superior Court decisions that have addressed the issue hold that a court lacks jurisdiction over an apportionment complaint that is not served in compliance with the 120-day time limit. See, e.g., Cappiello v. Greiner,
Superior Court, judicial district of Danbury, Docket No. 336107 (December 20, 2000) (Moraghan, J.T.R.) (holding that 120-day limitation is mandatory); Precision Electronic Assembly v. Goodman, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 063451 (July 5, 2000) (Arnold, J.) (apportionment complaint filed beyond 120-daytime limit in § 52-102b is barred); Tine v. Baker, Superior Court, judicial district of New London at Norwich, Docket No. 116645 (March 31, CT Page 2554-n 2000) (Hurley, J.) (27 Conn.L.Rptr. 57) (holding that 120-day time limit is jurisdictional because statute creates right of action that did not exist at common law); Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London, Docket No. 547104 (February 24, 2000) (Corradino, J.) (26 Conn.L.Rptr. 419) (holding that 120-day time limit must be regarded as jurisdictional to accomplish legislative purposes);Morin v. Cook, Superior Court, judicial district of Windham at Putnam, Docket No. 058495 (March 5, 1999) (Sferrazza, J.) (24 Conn.L.Rptr. 121) (dismissing apportionment complaint due to' noncompliance with 120-daytime limit); Langella v. G-WZ of Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 148891 (February 1, 1999) (D'Andrea, J.) (dismissing apportionment complaint sua sponte because it was brought beyond 120-day time limit). But see Ketchalev. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 14, 1998) (Levin, J.) (22 Conn.L.Rptr. 418) (holding that 120-day time limit is procedural and directory).
The court agrees with the majority of Superior Court cases and holds that the 120-day time limit in § 52-102b (a) is a substantive and jurisdictional prerequisite. Section 52-102b creates a right of action that did not previously exist at common law and, therefore, the right only exists during the prescribed time period. In the present case, the return date on the original complaint is February 13, 2001. Tarr filed his apportionment complaint on August 28, 2001, which is well beyond the 120-day limit in § 52-102b (a). Therefore, the court dismisses the apportionment complaint sua sponte based on lack of subject matter jurisdiction.
____________________ FOLEY, J.