[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMGRANDUM OF DECISION RE: MOTION TO DISMISS (133.00) and MOTIONS TO STRIKE (120.00, 128.00, 146.00)
This action was brought by the plaintiff, Hugo Gomez, in his capacity as administrator of the estate of the decedent, his mother, Eresbey Ospina, and as conservator of the estate of Catalina Gomez, his sister and a minor. The complaint names the following defendants: Payne, Inc. (Payne), a Virginia corporation that transports freight; Ryan Rhodes (Rhodes), a truck driver for Payne; G.O.D., a New Jersey corporation that transports freight; Riley Leasing Corporation (Riley Leasing), a New Jersey subsidiary of G.O.D.; and Michael Freeman (Freeman), a truck driver for G.O.D.
The revised complaint alleges that on April 24, 2000, Rhodes was driving a tractor-trailer owned by Payne in the center lane of Interstate 95 headed west in Greenwich, Connecticut. Behind Rhodes in the same lane, Freeman was driving a truck owned by Riley Leasing and a trailer owned by G.O.D. The decedent was driving alongside Rhodes' truck in the right lane, accompanied by her daughter in the passenger seat. Rhodes allegedly turned into the right lane, forcing the decedent's automobile onto the shoulder. The decedent's automobile then swerved to avoid a construction sign, struck a metal guardrail, and careened back across the highway. Freeman's truck struck the decedent's car broadside. As a result, Eresbey Ospina was killed and her daughter, Catalina Gomez, suffered severe personal injuries. The Probate Court in Greenwich appointed the plaintiff the conservator of the estate of his younger sister and administrator of the decedent's estate. The plaintiff subsequently filed this action.
Before the court at this time are motions to dismiss or strike all or a portion of three apportionment complaints and a motion to strike two counts of the revised complaint
I. Motion to Dismiss Apportionment Complaint Against Meraviglia and Hufeut
CT Page 1343
The defendants, Rhodes and Payne, filed a "third" apportionment complaint against several apportionment defendants, including Brian Meraviglia and Paul Hufcut, who are both state police officers.[1] The third apportionment complaint alleges that Meraviglia and Hufcut negligently performed their duties while working overtime for Mohawk Northeast, a private contractor, on a I-95 construction project. The State of Connecticut has filed a motion to dismiss the third apportionment complaint on behalf of Meraviglia and Hufcut, on the grounds the court lacks subject matter jurisdiction pursuant to the doctrine of sovereign immunity.
Sovereign immunity may properly be raised as a basis for a motion to dismiss. Federal Deposit Ins. Corp. v. Peabody N.E., Inc., 239 Conn. 93,60 A.2d 1321 (1996). "Unless expressly waived, sovereign immunity protects the state from liability for private litigation that may interfere with the functioning of state government and may impose fiscal burdens on the state." Millward Brow, Inc. v. Commissioner of RevenueServices, 73 Conn. App. 757, 763 (2002). "We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 168, 749 A.2d 1147
(2000). "The legislature has established a system for the determination of claims against the state. General Statutes § 4-141 through 4-165b. A significant part of that system is the appointment of a claims commissioner . . . who is vested with sole authority to authorize suit against the state." Martin v. Brady, 64 Conn. App. 433, 442, 780 A.2d 96
(2001).
"General Statutes § 52-102b (a) is the procedural vehicle by which a defendant in a negligence action may bring in a party for apportionment of liability purposes." Henriques v. Magnavice, 59 Conn. App. 333, 337,757 A.2d 627 (2000). Section 52-102b (c) provides in relevant part: "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h." Section 4-165
provides that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless, or malicious, caused in the discharge of his duties or within the scope of his employment." Nevertheless, "[s]overeign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." Shay v. Rossi, supra, 253 Conn. 169. Therefore, the issue is whether Rhodes and Payne (the third apportionment complaint plaintiffs) have pleaded facts sufficient to overcome the bar CT Page 1344 of sovereign immunity.
The third apportionment complaint (against Meraviglia and Hufcut) alleges as follows: "On April 24, 2000, the apportionment defendant, Mohawk Northeast, Inc. of 398 Stamm Road in Newington, Connecticut was the private contractor retained by the State of Connecticut on State Project #56-264 that consisted of, among other things, repairs to the Metro-North Bridge over I-95 and said contractor does not have immunity pursuant to Conn. Gen. Stat. Section 13a-257." (Third apportionment complaint, ¶ 5).
The essence of the defendant's objection to Meraviglia's and Hufcut's motion to dismiss is that the allegations that the two state policemen (1) were doing "private duty" work, (2) were "independent contractors" and (3) were not under the control of the Commissioner of Public Safety establish that Meraviglia and Hufcut were not acting as state employees and are not entitled to the benefit of sovereign immunity. The defendants offer in support of their argument Spring v. Constantino, 168 Conn. 563,362 A.2d 671 (1975), a case in which the Supreme Court held that a public defender could be sued for professional malpractice because his position, especially in regard to the attorney-client relationship, was more analogous to an independent contractor than an employee or official of the state.
Meraviglia and Hufcut argue that although they were working for Mohawk at the time of the accident, they were acting under the authority of state statute and in their official capacities as state troopers pursuant to General Statutes § 5-246, which provides the authority for state police to work for private contractors. Section 5-246 provides in relevant part: "The Commissioner of Public Safety may authorize any member or officer of the state police force to provide police services for private contractors at highway construction sites. Time spent in the performance of such police services shall be in addition to the assigned hours of the regular workweek and shall not be included in the total hours in an eight-week average of forty hours established under this subsection. Each such state policeman shall be compensated by the state for the performance of such services at a rate equal to one and one-half times an hourly rate based on his annual salary. Such private contractors shall reimburse the Division of State Police within the Department of Public Safety for (A) the compensation of such policemen and (B) the costs related to the performance of such services at a rate to be determined by the Commissioner of Public Safety. Performance of such services under the provisions of this subsection shall not constitute state service for retirement purposes under the provisions of chapter 66." (Emphasis added.) While all well pleaded facts in a complaint must be taken as true CT Page 1345 in resolving a motion to dismiss, the court finds that the allegations that Meraviglia and Hufcut were independent contractors doing private duty work are legal conclusions directly contradicted by the statutory language showing that they were providing "police services," an inherently governmental function, and were being paid at a rate set by statute, and not by themselves or the private contractor. As such, the court finds that Meraviglia and Hufcut were acting as state employees.
The allegations in the third apportionment complaint also fall short of establishing that Meraviglia and Hufcut acted in excess of statutory authority. The third apportionment complaint alleges that the state troopers, inter alia, "did not install the required temporary and permanent signage by the time of the accident." (Third apportionment complaint, ¶ 6). These allegations, best, show a failure, perhaps even a negligent failure, to perform "police services." They are not allegations that the officers were acting in excess or abuse of their authority. See Shay v. Rossi, supra 253 Conn. 172 (rejecting the suggestion that any tort by a state officer would be sufficient to overcome the sovereign immunity bar).
Based on the foregoing, the court grants the motion to dismiss the third apportionment complaint far as it concerns the apportionment defendants, Brian Meraviglia and Paul Hufcut.
II. Motions To Strike Apportionment Complaints Against Plaintiff
On July 23, 2001, defendants Freeman, G.O.D., and Riley Leasing filed an apportionment complaint (the "first" apportionment complaint) against the plaintiff. On July 25, 2001, Payne an Rhodes filed an identical apportionment complaint against the plaintiff (the "second" apportionment complaint). These apportionment complaints allege that "the injuries of the plaintiff (Catalina Gomez) were proximately caused by the negligence of Eresbey Ospina" and that the plaintiff (Ospina "is or may be liable for a proportionate share of liability pursuant to C.G.S. § 52-572h." (First apportionment complaint, ¶¶ 7-8; second apportionment complaint, ¶¶ 7-8). The plaintiff has file motions to strike both apportionment complaints on the ground that they fail to state a cause of action because § 52-102b does not permit an apportionment complaint to be filed against individuals who are already parties to an action.
"A motion to strike tests the legal sufficiency of the allegations of any complaint, counterclaim or cross claim . . . to state a claim upon which relief may be granted." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the fact alleged in the complaint." (Internal quotation marks CT Page 1346 omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
As the parties point out in their memorandum of law there is a split among the various decisions of the Superior Court as to whether the plaintiff in a personal injury action may be made an apportionment defendant. General Statutes § 52-102b (a) provides that a defendant may serve an apportionment complaint "upon a person not a party to the action" who may be liable for a proportionate share of the plaintiffs damages. A number of Superior Court decisions have construed this language to prohibit an apportionment complaint against the plaintiff, an existing party. Other decisions have enunciated various rationales for allowing such complaints to be filed against a party already in the case. See Pryce v. Keane Thummel Trucking, Superior Court, judicial district of Hartford at Hartford, CVOO-080961 (July 20, 2001, Berger, J.) (reviewing cases); Torres v. Begic, Superior Court, judicial district of New Haven, DN423742 (June 13, 2000, Levin, J.) (carefully analyzing § 52-102b).
This court agrees that the language of the statute does not allow for an apportionment complaint against an existing party, in this case the plaintiff. However, this holding does not bar recourse by the defendants if the plaintiffs decedent's negligence was a cause of the claimed injuries. General Statutes § 52-572h (c) permits apportionment of liability among parties to a case. Thus, if a defendant asserts and proves a special defense that the plaintiffs decedent was negligent and that negligence caused some of the damages the jury will have to take that negligence into account in assessing the liability of the defendants for the damages suffered by both plaintiffs.
For the above reasons the motions to strike the first and second apportionment complaints are granted.
III. Motion To Strike A Portion of Count Seven And Count Nine In ItsEntirety
In the July 10, 2002, revised complaint, the plaintiff alleges the recklessness of defendants Rhodes, Payne, and Freeman in counts seven, eight and nine. In the seventh count, the plaintiff alleges that "the defendants Rhodes and Payne are liable to the plaintiff for double or treble damage under Conn. Gen. Stat. § 14-295, because the defendant Rhodes deliberately or with reckless disregard operated his vehicle in violation of Conn. Gen. Stat. § 14-218a." The ninth count alleged the CT Page 1347 defendant Rhodes "is liable to the plaintiff for common law punitive/exemplary damages because the defendant Rhodes operated his vehicle with reckless disregard for the rights of others."
The defendant Payne moves to strike the seventh count of the revised complaint against it on the grounds that General Statutes § 14-295
which provides for the imposition of double or treble damages against a party who "deliberately or with reckless disregard operated a motor vehicle . . . [in violation of certain motor vehicle statutes] . . . and such violation was a substantial factor causing [damages]." (emphasis added)
Payne contends that § 14-295 does not apply to it because it did not operate the vehicle at the time of the accident, but was only its owner. This court agrees with those decisions that hold that § 14-295, by its terms, does not extend the statutory multiplier of damages vicariously to a non-operator owner of a motor vehicle. See Hopwood v.Sciaretta, Superior Court, judicial district of Ansonia/Milford at Derby, CVOl 0075931 (July 11, 2002, Lager, J.) The portion of the seventh count directed at Payne is striken.
In the ninth count the plaintiffs assert a common law claim of recklessness against the allege driver Rhodes. The claim is based on allegations of negligence set forth in count one an incorporated into count nine and the additional allegation that Rhodes operated the vehicle "with reckless disregard." Recklessness is "an extreme departure from ordinary care in a situation where a high degree of danger is apparent . . . more than a mere mistake resulting from inexperienced excitement or confusion and more than mere thoughtlessness or inadvertence or simply inattention.'s Dubay v. Irish, 207 Conn. 518, 533 (1988) [quoting from Prosser Keeton, Torts (5th ed.].
The allegations of the ninth count state that Rhodes was inattentive, and failed to operate the vehicle in a reasonable fashion. The allegation that he acted recklessly is a legal conclusion. The factual allegations are not sufficient to sustain a claim that Rhodes acted recklessly. SeeStarr v. Lopez, Superior Court, judicial district of Stamford-Norwalk at Stamford, CVOl 0185811 (November 6, 2001, Adams, J.). The ninth count is stricken.
 _____________________ TAGGART D. ADAMS SUPERIOR COURT JUDGE